```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```
_____

RODERICK LEWIS,                   )
                                  )
    Plaintiff,                    )
                                  )
v.                                )   No. 21-02149-MSN-tmp
                                  )
FREDRIC BLUMER,                   )
VINCENT BEASLEY,                  )
UNKNOWN POLICEMAN, and            )
CITY OF MEMPHIS,                  )
                                  )
    Defendants.                   )
_____

                    **REPORT AND RECOMMENDATION**
_____

      Before the court are the defendants' Motions to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 14, 17, 18.) Plaintiff Roderick Lewis filed his *pro se* complaint against all defendants on March 10, 2021, alleging violations of his federal rights and seeking damages under 42 U.S.C. § 1983. (ECF No. 1.) Prior to the present motion, the undersigned issued summons in the case after screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 8.) For the reasons set forth below, the undersigned recommends that Lewis's complaint be dismissed for failure to state a claim.

               **I.    PROPOSED FINDINGS OF FACT**

      Early in the morning on February 9, 2020, Lewis was stopped by Memphis Police Officer Fredric Blumer while waiting for the

bus. (ECF No. 1 at 4.) Officer Blumer and his unknown partner (the "unknown officer" defendant) approached Lewis after talking to a few other men and a nearby store clerk, who told them Lewis was trying to catch the bus. (Id.) Officer Blumer asked Lewis for identification and told him he had no Fifth Amendment right to refuse. (Id.) When Lewis nevertheless refused to identify himself, Officer Blumer and his partner arrested Lewis and brought him to the Shelby County Jail. (Id. at 5.) While in jail, Lewis was exposed to COVID-19 and forced to quarantine upon his release. (Id.) Lewis could not work due to this exposure. (Id.)

On March 10, 2021, Lewis filed a claim for damages under 42 U.S.C. § 1983. (Id.) In his complaint, he asserted violations of his Fourth, Fifth, Fourteenth Amendment rights stemming from his exposure to COVID-19, the allegedly unlawful stop, and forced identification. (Id. at 5.) For these violations, he sought $175,000 in damages. (Id.) After summons was issued, the defendants filed the present Motions to Dismiss. (ECF Nos. 14, 17, 18). Lewis did not initially respond, leading the undersigned to enter an Order to Show Cause on July 28, 2021. (ECF No. 21.) Lewis replied to the defendants' motions and the court's order on August 6, 2021. (ECF No. 24.) In his response to the Motions to Dismiss, Lewis reiterated his version of events and alleged that the officers in question had filed a false affidavit to arrest him. (Id. at 1.) In his response to the Order to Show Cause, Lewis apologized for

filing his claims late, claiming that he was told the statute of limitations only started to run when his underlying criminal case was disposed of *nolle prosequi*. (Id. at 2.) Lewis did not identify who told him this. (Id.)

## II. PROPOSED CONCLUSIONS OF LAW

To avoid dismissal for failure to state a claim under Rule 12(b)(6), "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); see also Fed. R. Civ. P. 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Center for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

The defendant argues that Lewis's claim is barred by the statute of limitations for § 1983 claims. The statute of limitations is an affirmative defense to any claim, and generally, a plaintiff "need not plead the lack of affirmative defenses to state a valid claim" under Rule 12(b)(6). Cataldo v. U.S. Steel Corp., 676 F.3d 542, 547 (6th Cir. 2012). However, where "the

allegations in the complaint affirmatively show that the claim is time-barred," then dismissing a case under Rule 12(b)(6) due to the statute of limitations may be appropriate. Id. Congress has not adopted a statute of limitations that governs § 1983 claims. But the Supreme Court has held that federal courts "must borrow the statute of limitations governing personal injury actions in the state in which [a] section 1983 action [is] brought." Banks v. City of Whitehall, 344 F.3d 550, 553 (6th Cir. 2003) (citing Wilson v. Garcia, 471 U.S. 261, 275-76 (1985)). Where a state has more than one statute of limitations for personal injury actions, the federal court should apply the most general, or residual, option. Browning v. Pendleton, 869 F.2d 989, 991 (6th Cir. 1989) (citing Owens v. Okure, 488 U.S. 235 (1989)). Since Lewis's claim is brought in Tennessee, the applicable statute of limitations is provided by Tennessee law. As multiple Sixth Circuit opinions have recognized, Tennessee law provides a statute of limitations of "one (1) year after the cause of action accrued" for § 1983 cases. Tenn. Code. Ann. § 28-3-104(a)(3); see Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997); Hutson v. Gibson, 17-1164-JDT-cgc, 2019 WL 639024, at *1 (W.D. Tenn. Feb. 14, 2019). This one-year clock starts ticking on the day when "the plaintiff knows or has reason to know of the injury which is the basis of his action." Watkins v. Columbus City Schs., No. 20-3357, 2020 WL 9073357, at

*2 (6th Cir. Nov. 10, 2020) (quoting Sevier v. Turner, 742 F.2d 262, 273 (6th Cir. 1984)). In § 1983 Fourth Amendment cases, this is typically the date when the alleged misconduct occurs, since the injury is immediately knowable. Michel v. City of Akron, 278 F. App'x 477, 480 (6th Cir. 2008) (citing Shamaeizadeh v. Cunigan, 182 F.3d 391, 394 (6th Cir. 1999) ("Typically the statute of limitations for filing an action alleging an unconstitutional search and seizure begins to run at the time of the injury")).

Here, the defendants' assert that Lewis's claims are time barred by this one-year time limit. They are correct. Lewis's claims arose on February 9, 2020. (ECF No. 1 at 4.) He filed his complaint on March 10, 2021. (Id.) The statute of limitations had already run one month prior. Lewis alleges in his response to the Order to Show Cause that he had "no way of knowing that [the] statute of limitations started before dismissal or acquittal" and that he was told he would have to wait to file this claim until his underlying criminal case was resolved. (ECF No. 24 at 2.) However, the Sixth Circuit has repeatedly held that "ignorance of the law, even for an incarcerated pro se petitioner generally does not excuse late filing." Kimbrough v. Hudson, 2:09-cv-306, 2009 WL 3698474, at *2 (S.D. Ohio Nov. 3, 2009) (collecting cases on this principle). No justification for setting aside the limitation period exists absent a case for equitable tolling, which "is used sparingly, typically only when a litigant's failure to meet a

legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." Sweeney v. Sexton, No. 3:16-CV-254-TWP-HBG, 2017 WL 3033071, at *4 (E.D. Tenn. Jul. 17, 2017) (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, 209 F.3d 552, 560-61 (6th Cir. 2000) (internal quotation marks omitted)). The plaintiff has not met this burden here, even under the "less stringent standard" applied to *pro se* filings. Sweeney, 2017 WL 3033071 at *2 (citing Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). The statute of limitations bars his claims.

### III.  RECOMMENDATION

Based on the above, it is recommended that the defendants' Motions to Dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 22, 2021
Date

### NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS.  ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**